IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: Marshall Rief | * | Case No. 05-36515-JS |
| | * | (Chapter 7) |
| Marshall Rief | * | |
| v. | * | Civil Action No. WMN-07-2284 |
| Zvi Guttman, Trustee | * | |

**MEMORANDUM**

The instant appeal challenges an order entered by the United States Bankruptcy Court for the District of Maryland sustaining the objection of Zvi Guttman, Chapter 7 Trustee (Trustee), to the Debtor's exemption of the cash surrender value of certain life insurance policies. The appeal has been fully briefed and is now ripe for decision. Upon review of the appellate briefs and the applicable case law, the Court finds that no hearing is necessary and that the decision of the bankruptcy court shall be affirmed.

**I. FACTS AND PROCEEDINGS**

On October 12, 2005, the Debtor, Marshall R. Rief, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor is married and has two children, now aged 12 and 16. He is employed as a bail bondsman.

Prior to filing for bankruptcy, in January of 2005, the Debtor had executed a Last Will and Testament (Will), in which he bequeathed his tangible personal property to his wife or, in the

event that she predeceased him, his children, and his residuary estate to his wife, or in the event she predeceased him, to a revocable trust in his wife's name.

Simultaneously with the execution of his Will, the Debtor executed papers to create the "Marshall R. Rief 2005 Trust" (Trust), an irrevocable trust.  The Debtor named his attorney, Louis F. Friedman, as the trustee.  The Trust provided, in pertinent part:

> SECTION 1.  TRANSFER TO TRUST.  Concurrently with the execution of this Agreement, the Grantor has transferred to the Trustee Ten Dollars ($10.00) in cash, receipt of which hereby acknowledged by the Trustee.  Other property, real or personal (<u>including life insurance policies</u>) may be transferred, endorsed, or otherwise made payable to the Trustee.

Trust at § 1 (emphasis added).  Proceeds of any life insurance policies so transferred would be paid into a "Marital Insurance Trust" for the benefit of his wife upon the Debtor's death.  <u>Id.</u> at § 2.2.  Upon the death of the Debtor's wife, any remaining funds in the "Marital Insurance Trust" would be paid into the "Family Insurance Trust" for the benefit of the Debtor's children and any eventual grandchildren.  <u>Id.</u> at § 3.3.

In Schedule C of the Debtor's bankruptcy schedules, he claimed as exempt ten life insurance policies pursuant to Md. Code Ann., Ins. § 16-111 (2006 Repl. Vol.).  Five of those policies are at issue in the instant appeal - three that insure

the life of the Debtor (Insurance Policies)[1] and two that are owned by the Debtor, but insure the lives of the Debtor's children (Children's Policies)[2]. The Insurance Policies all name as the beneficiary either "trustees named in the last will & testament of the Insured" or "Last will & testament of the Insured." See app. at 163 & 181. The Children's Policies name the Debtor or the Debtor and his wife jointly as the primary beneficiaries. See id. at 143 & 148. The total cash surrender value of the Insurance Policies is $123,792.07. July 19, 2007, Mem. Op. of the bankruptcy court at 3. The total cash surrender value of the Children's Policies is $24,289.52. Id.

On May 16, 2006, the Trustee filed an objection to the Debtor's exemptions in the bankruptcy court. The Trustee argued that only such life insurance policies taken out for the benefit of the Debtor's spouse, children, or other dependant relatives could be exempted and that none of the polices at issue met that criteria. The Debtor responded that, because his wife was the beneficiary under his Will, the Insurance Policies were for her benefit. Alternatively, the Debtor argued that because he had

---

[1] These policies are: 1) Berkshire Life Policy No. L0983019, dated January 15, 1993, App. at 137-141; 2) Berkshire Life Policy No. L0955434, dated September 12, 1990, App. at 132-136, 181; and 3) John Hancock Policy No. ML 7121871, dated September 10, 2003, App. at 161-163.

[2] These policies are: 1) Berkshire Life Policy No. L0977392, dated August 21, 1992, App. at 142-145; and 2) Berkshire Life Policy No. L1004080, dated February 2, 1995, App. at 146-150.

taken steps to change the named beneficiary under the Insurance Policies to the Trust, and because the Trust was for the benefit of his wife and children, the Insurance Policies were exempt. Lastly, the Debtor contended that Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2)(2006 Repl. Vol.) exempted the Children's Policies.

On July 31, 2006, a hearing was held on the objection and testimony was taken from the Debtor and the attorney who drafted both his Will and the Trust. The Debtor testified about each insurance policy at issue and the beneficiary named under each policy at the time the bankruptcy petition was filed. With regard to the Trust, the Debtor testified that he set it up in January of 2005, upon the advice of his attorney, but expressed little understanding of its purpose or effect. Tr. of July 31, 2006, hearing at 14-15. Lastly, the Debtor testified that he purchased the Children's Policies as an education asset for their benefit and that he believed that he held those policies in trust for them. Id. at 35.

Mr. Friedman, the attorney who drafted the Will and the Trust on the Debtor's behalf, testified that the Debtor "signed forms to transfer" the Insurance Policies to the Trust, but that Mr. Friedman did not send them because "he knew [the Debtor] was going into bankruptcy" and he didn't want to make a transfer that might appear improper. Id. at 25. He stated that he had

4

discussed this with the Debtor and a conscious decision was made not to send in the forms at that time. Id. at 31. Mr. Friedman further testified that, if the Debtor were to die, Mr. Friedman would be under a duty to "send the [beneficiary change] forms off to the insurance company, and the insurance company would pay the proceeds to the insurance trust." Id. at 26. If he did not do this, he testified that the proceeds of the Insurance Policies would go to the Debtor's estate which would then pay the proceeds to the Debtor's wife. On cross-examination, Mr. Friedman acknowledged, however, that it was his understanding that, if the Insurance Policies were paid to the Debtor's estate after his death, creditors would have priority over the Debtor's wife as to the proceeds. Id. at 29.

At the conclusion of the hearing, the bankruptcy court held the matter sub curia. On July 19, 2007, the bankruptcy court issued its memorandum opinion and order sustaining the Trustee's objections as to all of the policies. This timely appeal followed.

**II. STANDARD OF LAW**

Findings of fact made by the bankruptcy court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "A finding of fact is clearly erroneous only when the reviewing

5

court is left with the definite and firm conviction that a mistake has been committed." In re Broyles, 55 F.3d 980, 983 (4th Cir. 1995) (citations omitted). Conclusions of law are reviewed de novo. In re Bulldog Trucking, Inc., 147 F.3d 347, 351 (4th Cir. 1998). Finally, a decision committed to the discretion of the bankruptcy court is reviewed for an abuse of discretion. See In re Modanlo, 342 B.R. 238, 241-42 (D. Md. 2006).

**III. DISCUSSION**

As a general rule, the cash surrender value of life insurance policies owned by a debtor at the time that a bankruptcy petition is filed are an asset of the bankruptcy estate. Hickman v. Hanover, 33 F.2d 873 (4th Cir. 1929) (citing Cohen v. Samuels, 245 U.S. 50 (1917)). The U.S. Bankruptcy Code allows the debtor to exempt certain property from the estate. 11 U.S.C. § 522(d). The Bankruptcy Code also permits states to opt out of the federal scheme for exemptions. See id. at § 522(b)(2). Maryland, like many states, has chosen to opt out of the federal scheme. See Md. Code, Cts. & Jud. Proc. § 11-504(g) (2006 Repl. Vol.). Accordingly, Maryland law governs permissible exemptions in the instant case.

A. The Insurance Policies

Section 16-111 of the Insurance Article, entitled "Proceeds exempt from creditors," provides:

6

>   (a) The proceeds of a policy of life insurance or under an annuity contract on the life of an individual <u>made for the benefit of</u> or assigned to the spouse, child, or dependent relative of the individual are exempt from all claims of the creditors of the individual arising out of or based on an obligation created after June 1, 1945, whether or not the right to change the named beneficiary is reserved or allowed to the individual.
>
>   (b) For purposes of this section, proceeds include death benefits, cash surrender and loan values, premiums waived, and dividends, whether used to reduce the premiums or used or applied in any other manner, except if the debtor has, after issuance of the policy, elected to receive the dividends in cash.
>
>   (c) This section does not prohibit a creditor from collecting a debt out of the proceeds of a life insurance policy pledged by the insured as security for the debt.
>
>   (d) A change of beneficiary, assignment, or other transfer is valid except for transfer with actual intent to hinder, delay, or defraud creditors.

Md. Code Ann., Ins. § 16-111 (emphasis added).

The Court begins with the Debtor's argument that Section 16-111 exempts the Insurance Policies because he named his wife and children as the beneficiaries under his Will, the Insurance Policies were made "for the benefit of" his wife and children. This argument present a question of law that this Court reviews <u>de</u> <u>novo</u>.

Exemption statutes under Maryland law are designed to "protect debtors to the extent of ensuring they are not completely deprived of their means of support[.]" <u>Schumacher & Seiler, Inc. v. Fallston Plumbing, Inc.</u>, 605 A.2d 956, 958 (Md. Ct. Spec. App. 1992). With this purpose in mind, exemption

7

statutes are construed liberally. See Hickman, 33 F.2d at 874 ("the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor in order to advance the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public"); In re Gibson, 300 B.R. 866 (D. Md. 2003)(same).[3] The Maryland Court of Special Appeals has emphasized, however, that

> [w]hile it is legitimate to construe exemption provisions liberally and broadly in favor of the debtor, the legislation cannot be construed so broadly as, in effect, to create provisions more robust or more potent than those which the legislature intended, or to read into the law an exemption not found there. A court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace.

Schumacher, 605 A.2d at 958 (quoting 9A Am. Jur. 2d Bankruptcy § 1098 (1991)).

Thus, this Court must first look to the plain language of

---

[3] A caveat to this liberal construction principle was enunciated by the Bankruptcy Court for the District of Maryland in In re Howland, 27 B.R. 896, 898 (Bankr. D. Md. 1983). That Court noted that "[w]hile it is true that there is language in Hickman v. Hanover . . . that exemption statutes are to be liberally construed, such an interpretation does not and cannot apply to an open-ended exemption without monetary limit. Such exemptions must be governed by the words of the legislature." (Internal citation and parenthetical omitted.); See also In re Chapman, 68 B.R. 745, 747 n.2 (Bankr. D. Md. 1986), recognized as abrogated on other grounds by In re Butcher, 189 B.R. 357, 367 n.8 (Bankr. D. Md. 1995).
 The bankruptcy court subscribed to this view in interpreting the exemption statutes in the case at bar. See Mem. Op. at 13 (noting that "where, as here, the statute providing the exemption is unlimited as to amount, the terms of the statute governing the exemption must be construed strictly"). This caveat has not been approved or rejected by any Maryland court or the Fourth Circuit and will not be adopted by this Court at this time.

Section 16-111 and afford it a liberal construction in favor of the Debtor.  The statute requires, in relevant part, that an insurance policy be made "for the benefit of" a spouse, child, or dependant.  The bankruptcy court concluded that "the fact that the debtor's spouse and dependant children as legatees under his [Will] are the same beneficiaries protected under [Section 16-111] does not extend the terms of the statute to it."  Mem. Op. at 16.  This was so because a "'legatee is not to be deemed a beneficiary of the policy'" given that the proceeds of the policy would be paid into the Debtor's estate and be subject to the claims of creditors.  Id. (quoting 5 Couch on Insurance § 67:5 (3d ed. 2006)).

The Debtor contends, however, that Md. Code Ann., Est. & Trusts § 8-115 (2001 Repl. Vol.), would prevent creditors from reaching the proceeds of Insurance Policies if the proceeds were paid into the estate.[4]  Section 8-115, entitled "Certain proceeds exempt from claims," states, in relevant part: "The proceeds of a life insurance policy . . . are exempt from claims in accordance

---

[4]The Trustee contends that the Debtor is not permitted to make this argument for the first time on appeal.  A review of the record reveals that the Debtor did not argue before the bankruptcy court that the proceeds of the Insurance Policies would not be subject to claims of creditors and did not cite the statute he now cites on appeal.  Rather, he argued that whether his creditors could reach the proceeds was irrelevant to the issue of whether the policies were made for the benefit of the Debtor's wife and children.  See Tr. at 53.  The Court concludes, however, that the debtor's argument that the proceeds were exempt, whether paid to the estate or the Trust, was broad enough to encompass the argument now before this Court, albeit based on newly asserted legal authority.

with the provisions of §§ 8-431 and 16-111 of the Insurance Article." According to the Debtor, this statute would prohibit his creditors from reaching the insurance proceeds and, accordingly, the proceeds would be paid directly to his wife and children through the estate. As the Trustee points out, however, this statute merely implements Section 16-111. Thus, the statute's effect is determined by this Court's conclusion with respect to Section 16-111.

The Court begins with whether Section 16-111 requires that a spouse, child, or other dependant relative be the <u>named</u> beneficiary under the policy. There are no Maryland cases answering this question. The Debtor cites to two cases decided under a similar Pennsylvania statute allowing the exemption of policies that named as the beneficiary a trust benefitting the debtor's spouse and children. <u>See</u> <u>In re Phillips</u>, 7 F.Supp. 807, 808 (D. Pa. 1934)("In order that a policy may be made for the benefit of the wife or children of an insured, it is not necessary that such be stated in the policy alone."); <u>In re Bosak</u>, 12 F.Supp. 278 (D. Pa. 1935)(same). That court focused on the purpose of the designation and concluded that, by designating a trust as the beneficiary, as opposed to naming a spouse or child, a "greater benefit" might result to the debtor's family.[5]

---

[5]While the Court did not explain this "greater benefit," it is assumed that the tax treatment of the proceeds might be more beneficial to the debtor's family under a trust than if they were the direct beneficiaries of the policies.

10

In a more recent case under slightly different facts, the District Court for the District of Ohio reached a different result. In In re Bunnell, 322 B.R. 331 (Bankr. N.D. Ohio 2005), the debtor had named a non-dependant relative, her sister, as the beneficiary of her life insurance policy. She claimed that the policy was exempt based on the fact that in her will, she had named her sister as the trustee of a trust for the benefit of her children. She asserted that in naming her sister as the beneficiary of the policy, she also had intended the proceeds of the policy to be for the benefit of her children. The bankruptcy court rejected this argument, opining:

> Under any rational interpretation, the phrase taken out for the benefit of as used in [the Ohio statute] necessarily denotes, with respect to life insurance, the policy beneficiary. In that way, the Trustee argues that since the Debtor's life insurance policy only named her sister, individually, as a beneficiary, with no mention of her children or a trust in the children's favor, the policy does not qualify under [the statute] as having been taken out for the benefit of her children. On the other side, the Debtor, while not contesting the fact that she named her sister individually as the policy beneficiary, argues that to implement her true intent, the designation must be read consistent with her will wherein her sister was appointed as a trustee, not beneficiary, of a testamentary trust to provide for her children. In support of this position, the Debtor points to those cases issued by this Court which hold that a liberal construction must be given when interpreting exemptions. In re Brown, 133 B.R. 860 (Bankr.N.D.Ohio 1991); In re Shaffer, 228 B.R. 892 (Bankr.N.D.Ohio 1998).
> As argued, it is the rule in Ohio that exemptions are to be liberally construed in favor of a debtor so as to effectuate their remedial purpose. Morris Plan Bank of Cleveland v. Viona, 122 Ohio St. 28, 170 N.E. 650 (1930). There are, however, limits-as exemptions are entirely creatures of statute, and thus a court

11

>cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute. Id. Here, as now explained, these principles squarely conflict with the Debtor's position that her tacit intent must be accepted over the clear and specific beneficiary designation she made with respect to her life insurance policy.

Id. at 334 (emphasis in original).

While the reasoning of the Bunnell Court is persuasive, this Court need not decide whether there could be some circumstances where an alternative beneficiary designation made with the clear intent to benefit a spouse, child, or dependant relative could satisfy Section 16-111 because this case falls short of that standard. Bartholow v. Garner, 43 B.R. 463 (N.D. Tex. 1984) is instructive on this point. In Bartholow, the bankruptcy trustee appealed an order of the bankruptcy court sustaining the debtor's exemption of a life insurance policy that named as its beneficiary a trust for the benefit of the debtor's children. The Texas statute allowed "the exemption of the cash surrender value of a life insurance policy 'to the extent that a member or members of the family of the insured person . . . is beneficiary thereof." Id. at 464 (quoting TEX. REV. CIV. STAT. ANN. art. 3836(a)(6)). The district court noted that exemption statutes under Texas law were to be construed liberally, but concluded that because the trust included certain ambiguities and contingencies[6] that might allow creditors to reach the proceeds

---

[6] For example, under the trust, if any of the debtor's children did not reach the age of thirty, non-family members would receive a portion of the proceeds. Id. at 465.

12

or prevent the funds from reaching the debtor's children at all, exempting the policy would not be in keeping with the purpose behind the exemption to provide for the family of the debtor. Id. at 465.

The Bartholow Court's reasoning is equally persuasive as to the instant case. The Insurance Policies named the Will or the "trustee's named in the [Will]" as the beneficiaries. Thus, on the face of the policies, it appears that the Debtor intended to make his estate the direct beneficiary of the Insurance Policies. As the bankruptcy court recognized, the result of this designation was that the proceeds of the policies would flow into the estate, be subject to claims of creditors, and be used to pay other expenses, such expenses related to the Debtor's funeral. See 31 Am. Jur. 2d Executors and Administrators § 482 (noting that where a life insurance policy is a payable to a named beneficiary, it is excluded from the decedent's estate, but where it is payable to the estate, "**the proceeds constitute general assets of the estate**"). The Debtor must be presumed to know the effect of his designation, especially given the fact that he named his wife as the direct beneficiary of other policies not at issue on appeal. While some residual benefit might flow to the Debtor's wife or children from their position as legatees under the Will, the Court cannot conclude that the policies were made "for the benefit of" the Debtor's wife and children under these

13

circumstances.

The Court now turns to the Debtor's alternative argument, that the Court should treat the Trust as the beneficiary of the Insurance Policies. This also is a question of law for this Court to resolve de novo. Without deciding whether the designation of the Trust as beneficiary would otherwise have satisfied Section 16-111, the Court can find no legal authority to support the Debtor's contention that, because he intended to change the beneficiary designation and took steps to do so, it should be treated as if done. The cases cited by the Debtor are easily distinguishable from the instant case because in each, the insured had taken steps to change the beneficiary on his insurance policy, but, after the insured's death, it became apparent that the change had never been effected through no fault of the insured.[7]

In the instant case, there was testimony that the Debtor signed the necessary forms to change the beneficiary on the Insurance Policies, but that he thereafter made a conscious

---

[7] See Daly v. Daly, 113 A. 643 (Md. 1921) (insured directed employer to change beneficiary designation and employer advised he would provide him the proper form once it was received from insurer, but employer did not follow through prior to insured's death); Lingham v. Harmon, 502 F.Supp. 302, 307 (D. Md. 1980) (where insured's mother signed beneficiary change form on behalf of dying daughter based on daughter's express instructions, change was effective despite failure to comply with rule that only the insured could sign the form); Cotter v. United States, 78 F.Supp. 495 (D. Md. 1948) (where soldier serving during WWII requested to change the beneficiary of his policy from his father to his new wife, but was given the wrong form preventing the change from becoming effective prior to his death, he had done everything "reasonably necessary within his power" to make the change and equity would treat it as done).

14

decision on the advice of counsel not to follow through with the change at that time.[8] See Mem. Op. at 4. Having made that choice, this Court cannot conclude that the Debtor did "all that he could to meet the conditions for change required by the policy[.]" See Reid v. Duboraw, 272 F. 99, 101 (4th Cir. 1921)(holding that where an insured requested change of beneficiary forms from his insurer and thereafter executed the forms, but failed to return the forms to the insurer prior to his death, there was no valid change of beneficiary). At the time that the Bankruptcy petition was filed, it is clear from the policies themselves that the Trust was not the named beneficiary. The Insurance Policies are not exempt under Section 16-111.

B. Children's Policies

The Debtor agrees that Section 16-111 does not exempt the Children's Policies because the policies are not on his life, but on the life of his children. He contends, however, that the policies are exempt under Md. Code, Cts. & Jud. Proc. § 11-504(b)(2), which provides that the "following items are exempt from execution on a judgment . . . (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of . . . insurance . . . ."

---

[8]This testimony came in through the Debtor's estates and trust attorney. There was no testimony from the Debtor that he had intended to transfer the Insurance Policies to the Trust.

15

According to the Debtor, because he was the beneficiary under the Children's Policies, the policies were monies payable to him "in the event of the . . . death" of his children and are thereby exempted.  As authority for this proposition, the Debtor cites several cases in which bankruptcy courts have held that the proceeds of an insurance policy that had already been paid to a debtor as a beneficiary upon the death of the insured were exempt under Section 11-504(b)(2).  See In re Kleinman, 272 B.R. 339 (Bankr. D. Md. 2001)(proceeds of debtor's wife's insurance policies paid to debtor prior to filing of petition); In re Howland, 27 B.R. 896 (proceeds of debtor's husband's life insurance policies which were paid to her within 180 days after she filed her petition were exempt under § 11-504(b)(2)).  That is not the situation here.  The Children's Policies have not been paid and the cash surrender values of the policies are not "money payable in the event of. . . death[.]"  The Bankruptcy Court correctly concluded that the Children's Policies were not exempt.

**IV. CONCLUSION**

For the above stated reasons, the order of the Bankruptcy Court sustaining the Trustee's objection will be affirmed.  A separate order will issue.

 /s/
William M. Nickerson
Senior United States District Judge

Dated: January 15, 2008

17